J. R., B. F. and G. G. GARY, Exec'rs. to the use of W. H. Harris and wife *v.* JAMES JOHNSON and J. J. LONG.

An action brought by the original obligees of a note, to the use of a *feme* plaintiff and her husband, is subject to be set off by an account for medical services rendered the *feme* plaintiff before her marriage.

Civil action, on a bond for money, tried at the Spring Term, 1874, of Northampton Superior Court, before *Albertson, J.,* and a jury.

The plaintiffs declared in debt, before the Code of Civil Procedure, on two bonds amounting in the aggregate to $130, with interest, payable to the plaintiffs, executors of R. B. Gary, and executed by the defendant Johnson as principal, and

Long as surety.   The bonds were transferred by the executors to the guardian of the *feme* beneficial plaintiff, the wife of Smith, in part payment of a legacy coming to her under the will of their testator; and were transferred by said guardian, upon the majority of the *feme* plaintiff, to Smith, her husband, in part settlement of his guardian account.   The execution of the bonds was admitted.

The defendants relied upon the plea of payment and set off, and offered in evidence an account for medical services rendered by the defendant, Dr. James Johnson, to the said *feme* plaintiff and her slaves, during her minority and at the request of her said guardian, who at the time held the bonds now sued upon.   The amount of the defendant's account and interest was about the same as that of the bonds.   This evidence, the Court excluded, and the defendants excepted.

The defendant then offered to prove that he had not made any effort to collect his account, because he held it as an offset to said bonds.   This was also excluded, and the defendants again excepted.

There was a verdict and judgment for the plaintiffs; from which judgment, the defendants appealed.

*Peebles*, for appellants.
No counsel *contra* in this Court.

READE, J.   The device of suing in the name of the original obligees to the use of the beneficial plaintiffs instead of in the name of the beneficial plaintiffs themselves, amounts to nothing. The defendants, set off attached when the bonds were in the hands of the guardian of the *feme* beneficial plaintiff.   And now it would be against conscience to allow them to be collected for her use out of the defendant, while she is indebted to the defendant an equal amount.

There is error.

PER CURIAM.                                    *Venire de novo.*